IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN D. STEWART,

      Plaintiff,

                                        Case No.  8:04-cv-40-T-17MAP

vs.

HOOTERS OF AMERICA, INC.,

      Defendant.
_____/

## MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM CRIMINAL PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, L.D. Stewart ("Mr. Stewart"), by and through his undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Rules for the Middle District of Florida submits this Motion In Limine To Exclude Testimony From Criminal Proceedings and states the following in support thereof:

1. This action consists of Mr. Stewart's claims against Defendant Hooters of America, Inc. ("HOA"), for breach of the Administrative Services Agreement (the "ASA") between them and for an accounting of the monies due to Mr. Stewart from HOA under the ASA.

2. Mr. Stewart anticipates that HOA will attempt to introduce evidence regarding and testimony from an unrelated criminal proceeding in which charges of tax fraud were directed against Mr. Stewart.  HOA has indicated its intent to argue that Mr. Stewart's claims in the instant case are barred under the doctrine of unclean hands.  These charges, none of which were proven and all of which were dropped, resulted from the actions of Mr. Stewart's accountant, who directed some of Mr. Stewart's assets into tax shelters subsequently determined to be illegal.

3.   Simply put, no nexus exists between the criminal proceeding and the issues in this litigation. Thus, any evidence regarding, and testimony from, the criminal proceeding against Mr. Stewart is irrelevant and would simply serve to prejudice this Court against Mr. Stewart.

WHEREFORE, Plaintiff, Lynn D. Stewart, requests the entry of an order prohibiting Defendant, Hooters of America, Inc., from introducing any evidence regarding, and testimony from, the criminal proceeding against Mr. Stewart

## MEMORANDUM OF LAW

Pursuant to Rule 3.01, Local Rules of the United States District Court for the Middle District of Florida, Mr. Stewart submits this, his Memorandum of Law in support of the foregoing Motion.

Evidence regarding the criminal proceedings against Mr. Stewart are not admissible. First, such proceedings do not relate to a well-founded "unclean hands" affirmative defense. It is well-established that unconscionable conduct alone is insufficient to preclude a claim under the unclean hands doctrine. Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc., 380 F. Supp. 2d 457, 463 (D.N.J. 2005). Rather, the alleged misconduct triggers the doctrine of unclean hands only where it "has immediate and necessary relation to the equity that [the plaintiff] seeks in respect of the matter in litigation." See id., citing Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 244 (1933). In other words, the alleged misconduct must (a) be directed toward the party proceeded against, (b) pertain to the subject matter involved, and (c) affect equitable relations between the litigants. International Union v. Local Union No. 589, et al., 693 F. 2d 666, 672 (7th Cir. 1982).

Applied to the facts presented in this action, the mere fact that Mr. Stewart was involved in a criminal proceeding is insufficient to bar his claims against HOA under the doctrine of

unclean hands. This action consists of Mr. Stewart's claims against HOA for breach of the Administrative Services Agreement (the "ASA") between them and for an accounting of the monies due to Mr. Stewart from HOA under the ASA. As such, the sole issue for determination is whether HOA's actions or inactions constitute a breach of the express terms of the ASA. The criminal proceeding, which involves allegations of fraud and an admittedly broken relationship between a deceptive accountant and his client, are wholly immaterial and of no consequence as it relates to Mr. Stewart's claims against HOA.

Further, the alleged misconduct at issue in the criminal proceeding was not directed toward HOA and, as a result, the alleged misconduct cannot be said to have injured HOA in such a way as to preclude Mr. Stewart's claims in this litigation.

In Christen v. Himber, 296 B.R. 217 (Bkrtcy. C.D. Cal. 2002), the plaintiff asked the defendant to cash a $65,000 check at the defendant's bank. Id. at 220. The defendant deposited the check into her account but refused to give the proceeds to the plaintiff once the check cleared. Id. However, testimony in the case revealed that the circumstances behind the $65,000 check implicated plaintiff in a scheme to restore and chemically clean an alleged $15 million dollars in U.S. currency. Id. at 220-221. At issue was whether plaintiff's alleged involvement in this money laundering scheme precluded him from seeking redress with the court. Id. at 220. To that end, it is apparent from the court's opinion that the Himber court found plaintiff's alleged ignorance about the money laundering scheme to be implausible at best:

> Putting aside the astounding credulity of the parties . . . the facts recited by [plaintiff] raise questions about the legality of the entire scheme to resurrect blackened currency. What legitimate purpose could have been served in disguising the money in the first place? Was it stolen or the proceeds of criminal activity . . . Did [plaintiff] have any basis for believing that the chemical treatment of the money had a legitimate basis? Would not the vast sum purportedly involved ($15,000,000) warrant some speculation and

>     investigation?  Did [plaintiff] not think it was unusual or odd to be
>     engaged in the literal laundering of $1,500,000 in a hotel room,
>     performing the equivalent of changing lead into gold?

See id. at 223.

Despite the court's apparent doubts of plaintiff's lack of knowledge, the <u>Himber</u> court concluded there was insufficient evidence to trigger the doctrine of unclean hands.  <u>Id</u>. at 224.  In so ruling, the court held that alleged money-laundering scheme, however willful or fraudulent, was not the cause of the defendant's decision to keep the proceeds of the $65,000 check.  <u>Id</u>.

The court's logic in the <u>Himber</u> case is wholly applicable to the instant case.  Similar to <u>Himber</u>, the alleged misconduct at issue in the criminal proceeding against Mr. Stewart has absolutely no bearing on HOA's decision to act, or fail to act, in accordance with the terms of the ASA.  Thus, the criminal proceeding against Mr. Stewart is of no bearing to the issues raised in this litigation and is insufficient to justify the application of the unclean hands doctrine.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Michael J. Keane, Esq., and Stephanie T. Marquardt, Esq., Keane, Reese, Vesely & Gerdes, P.A.,770 Second Avenue South, St. Petersburg, Florida 33701.

                                                              s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 0127965
FEE & JEFFRIES, P.A.
101 East Kennedy Blvd., Suite 3000
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (fax)

Trial Counsel for Plaintiff