**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LYNN D. STEWART,

    Plaintiff,

vs.

                                        CASE NO. 8:04-cv-40-T-17-MAP

HOOTERS OF AMERICA, INC.,

    Defendant.

_____/

**ORDER ON MOTION IN LIMINE TO
EXCLUDE PAROL EVIDENCE**

      This matter is before the Court on Plaintiff's Motion In Limine to exclude Parole evidence, filed on May 31, 2006 (Dkt. 102). The Defendant did not file a response to the motion. The following facts are accepted as true only for the purpose of clarifying the law regarding the pending motion.

BACKGROUND AND PROCEDURAL HISTORY

      Lynn D. Stewart is alleged to be the founder of Hooters restaurant. In 1995, he sold his stock to the Defendant, and as part of the compensation package, entered into an Administrative Service Agreement (ASA), which obligated the Defendant to periodically pay Stewart if the Defendant met certain gross sales objectives. Stewart claims the Defendant repeatedly shortchanged him and has sued for breach of contract; he also seeks an accounting to determine what is actually owed to him. Plaintiff now moves for a Motion In Limine to exclude parole evidence, and any supporting memorandum of law, that Defendant may attempt to introduce, regarding a definition of "Gross Sales" that contradicts the clear and unambiguous language provided in Paragraph 4.4 of the ASA. Plaintiff alleges that any such testimony constitutes inadmissible parol evidence.

## STANDARD OF REVIEW

A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Schuler v. Mid-Central Cardiology, 313 Ill. App. 3d 326 (4th Dist. 2000). The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.  Luce v. United States, 469 U.S. 38, 41(1984),  (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, *if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context*. Id. at 1401. (emphasis added) Denial of a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989). The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion In Limine.  Id.  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400-1401 (N.D.Ill.1993).

DISCUSSION

This matter raises an issue pertaining to: (1) whether an introduction testimony regarding a definition of "Gross Sales" that contradicts the language provided in Paragraph 4.4 of the ASA (Administrative Services Agreement) constitutes inadmissible parol evidence and (2) whether testimony evidence is admissible for the purpose of clarifying an ambiguity.

*Applicable Law*

"In interpreting a contract that is controlled by Georgia law, the rules of contractual construction as expounded by the Georgia courts are properly applicable in federal court". Boston Ins. Co. v. Gable, 352 F.2d 368 (5th Cir.1965). The ASA entered into by both the Plaintiff and HOA involves the interpretation of a contract controlled by Georgia Law. (Section 11 of ASA) Hence, the rules promulgated by Georgia courts applies to this Court.

*Offering Contradicting Definition: Inadmissible Parol Evidence*

Introduction Testimony by either party, regarding a definition of "Gross Sales", that contradicts the clear and unambiguous language provided in Paragraph 4.4 of the ASA (Administrative Services Agreement), constitutes inadmissible parol evidence. Parol evidence means any writing intended by the parties to be the final embodiment of their agreement, which cannot be modified by evidence that adds to, varies, or contradicts the writing". Black's Law Dictionary 513 (2nd ed. 2001) No construction is "required or even permissible when the language employed by the parties in an agreement is plain, unambiguous, and capable of only one reasonable interpretation." Merrill Lynch, Pierce, Fenner & Smith v. Stidham, 506 F.Supp. 1182, 1186 (M.D.Ga.1981). Consequently, "[w]here a contract language is definite and unambiguous, the Court will not resort to surrounding circumstances to interpret the agreement." Smith v. Freeport Kaolin Co. **687 F.Supp. 1550**(M.D.Ga.,1988). Here, the Plaintiff alleges that there is reason to believe that HOA will introduce contradicting testimony evidence in, an attempt to define "gross sales" in its favor. Plaintiff argues that the language of ASA is clear, and is subject to only one possible definition, and, consequently, HOA's proposed definition contradicts the express terms of the ASA. Plaintiff further asserts that the ASA constituted the entire agreement and "no

representations, inducements, promises or agreements, oral or otherwise between the parties not embodied herein shall be of any force or effect". (Dkt. 102 Pg. 2) Ironically, HOA agrees with the Plaintiff that the language of ASA is unambiguous. However, the calculations by both parties sharply differ.  From this, it is reasonable to conclude that the language in paragraph 4.4 of the ASA was ambiguous. We presume here that both parties' made their assertions in good faith belief that this is what the parties understood the language to mean initially.  As the previous courts have ruled, this Court will not resort to other extrinsic sources, which adds to, takes from, or varies from the express definition in paragraph 4.4 of the ASA, unless the language of ASA is ambiguous. Dental One Assocs., Inc. v. JKR Realty Assocs.Ltd., 228 Ga. App. 307, 309 (1997).  Otherwise, this court would not hesitate to grant a Motion In Limine to exclude it for reason of prejudice (FRE 403).  Determining whether an ambiguity exists over a disputed term or definition can be a difficult process because a dispute over a term's definition does not always mean it is ambiguous. Pursuant to previous case law, this Court has the discretion to dismiss this motion, unless it is clear on its face that the proposed definition contradicts the terms of the Agreement. Luce, 469 U.S. 41 (1984).

*Rules of Construction if Ambiguity Exists*

If the court determines that an ambiguity exists, "it becomes the duty of the court to attempt to resolve the ambiguity by applying the rules of construction set forth in O.C.G.A. § 13-2-2." Capital Ford Truck v. U.S. Fire Ins. Co., 180 Ga.App. 413, 418 (1986). "The cardinal rule of construction is to ascertain the intention of the parties." O.C.G.A. § 13-2-3, quoted in Georgia R.R. Bank & Trust, 758 F.2d at 1551 (11th Cir. 1985). "The courts are to afford greater regard to the clear intent of the parties than to any particular words, which they may have used in expressing their intent". Smith v. Freeport Kaolin Co. 687 F.Supp. 1550, 1554 M.D.Ga.,1988. However unskillfully prepared a particular instrument or agreement may be, the courts are to discover and give effect to the intent of the parties if possible. Id.  Similarly, words in a contract are to be construed in the sense in which they are mutually employed by contracting parties, irrespective of the proper and logical meaning those words might otherwise carry. Id. This "cardinal rule of construction" becomes applicable, however, only upon a

determination that the contract is ambiguous. Georgia R.R. Bank, 758 F.2d at 1552 (1985). In the case, Plaintiff alleges against Defendant that Georgia law prohibits HOA from introducing parol evidence regarding the definition of "Gross Sales," given that the terms are clearly defined in Paragraph 4.4. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the entire contract...." Andrews v. Skinner, 158 Ga.App. 229, 231, (1981).  However, HOA attempts to rebut this presumption by alleging that the "sales of entities" were not intended to be included in the definition of "gross sales", but was mistakenly included in the computation of sums paid to Plaintiff under the ASA.  Plaintiff also acknowledges that, as a result of the broad definition of "gross sales" under the agreement, the calculation of the amounts owed by HOA to Mr. Stewart under the Agreement is complex and disputed. (Dkt. 1 pg. 3)  Here, the term and definition of "gross sales" seem ambiguous, because both parties strongly differ in what the term was intended to mean and include, when both parties first commenced this Agreement. The cardinal rule of construction is to afford greater regard to the parties intent, ascertain them, and give it effect.  Although the express terms of paragraph 4.4 of the ASA seem unambiguous as stated, both parties differed in its application.  Therefore, it is reasonable for this court to exercise discretion, and allow testimony evidence by either party, to ultimately discern the true intent both parties initially adopted, unless the language of the ASA is too clear to be mistaken by this Court.

## CONCLUSION

To dismiss Plaintiff's Motion In Limine is based on legitimate reasons. First, it is impractical for this Court to determine whether an ambiguity exists in the language of ASA and this time, and second, this court cannot determine whether the evidence in question should be excluded outside the trial context. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Hawthorne Partners, 831 F.Supp. 1400 (N.D.Ill.1993).  However, this Court has the sound judicial discretion to alter any previous in limine ruling in the future.

Accordingly, it is:

**ORDERED** that the Motion In Limine be **DENIED** without prejudice to reassert at an appropriate time during the trial of this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of June, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record