**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LYNN STEWART,

    Plaintiff,

vs.

                                          CASE NO. 8:04-cv-40-T-17-MAP

HOOTERS OF AMERICA, INC.,

    Defendant.

_____/

## ORDER ON MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM CRIMINAL PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

    This matter is before the Court on Plaintiff's Motion In Limine to exclude testimony from Plaintiff's prior criminal proceedings and supporting memorandum of law, filed on May 31, 2006 (Dkt. 105). The Defendant did not file a response to the motion. For the reasons below, this Court grants Plaintiff's Motion In Limine. The following facts are accepted as true, only for the purpose of clarifying the law regarding the pending motion.

### BACKGROUND AND PROCEDURAL HISTORY

    Lynn D. Stewart is alleged to be the founder of Hooters restaurant. In 1995, he sold his stock to the Defendant, and as part of the compensation package, entered into an Administrative Service Agreement (ASA), which obligated the Defendant to periodically pay Stewart if the Defendant met certain gross sales objectives. Stewart claims the Defendant repeatedly shortchanged him and has sued for breach of contract; he also seeks an accounting to determine what is actually owed to him. Plaintiff now moves for a Motion In Limine to exclude testimony evidence from prior criminal proceedings regarding charges of tax fraud that were directed at the Plaintiff. Plaintiff anticipates that

HOA will attempt to introduce evidence regarding the criminal proceeding to argue that the instant case is barred under the doctrine of unclean hands.

## STANDARD OF REVIEW

A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial.* Schuler v. Mid-Central Cardiology, 313 Ill. App. 3d 326 (4th Dist. 2000). (emphasis added) The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Luce v. United States, 469 U.S. 38, 41(1984), (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. at 1401. Denial of a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989). The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion In Limine. Id. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400-1401 (N.D.Ill.1993).

## DISCUSSION

This matter raises issues pertaining to: (1) whether the tax fraud charges against the Plaintiff amounts to unclean hands; and (2) whether a Motion In Limine ordering exclusion of testimony evidence in Plaintiff's prior criminal proceeding is appropriate.

*Unclean Hands enough for Motion In Limine*

The past tax fraud charges against Plaintiff is insufficient to invoke the unclean hands doctrine. The maxim of unclean hands mandates that "he who comes into equity must come with clean hands." Precision Inst. Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, (1945). Specifically, "[the plaintiff] must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court." Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 244 (1933). The Supreme Court noted in Keystone, that the maxim of unclean hands is applied only where plaintiff's unconscionable act "has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." Id. at 245. In applying the unclean hands doctrine, the Third Circuit has been generally clear that the connection between the misconduct and the claim must be close." In re New Valley Corp., 181 F.3d 517, 525 (3d Cir.1999). On the other hand, where the Third Circuit "has not applied unclean hands, the misconduct alleged has not been directly related to the subject of the plaintiff's suit." Id. at 525. Here, Plaintiff asserts that the previous fraud charges against him were never proven and was subsequently dropped. Plaintiff alleges that the charges resulted from the actions of Plaintiff's accountant who directed some of Plaintiff's assets into tax shelters subsequently determined to be illegal. Plaintiff further argues that there is no nexus between the charges against him and the pending issue before this court. This Court agrees with the Plaintiff's argument. The court in Keystone required that, in order to apply unclean hands, there must first be an unconscionable act. Keystone Driller Co., 290 U.S. 240, 244 (1933). Second, Plaintiff's misconduct or unconsicionable act must be "closely connected" to the Defendant's unclean hands claim. Id. Here, HOA has not established any unconscionable act by the Plaintiff. The previous court dropped all charges against the Plaintiff. Second, this Court cannot apply unclean hands against Plaintiff until a close nexus is established between the "unconscionable act" and the pending issue before this Court. However, this cannot be done, unless, there is first an established unconscionable act by the Plaintiff.

## CONCLUSION

This Court grants Plaintiffs motion because the two elements required to apply the unclean hands doctrine cannot be established under these set of facts. Accordingly, it is:

**ORDERED** that the Motion In Limine be **GRANTED** without prejudice to reassert at an appropriate time during the trial of this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of June, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record