UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN STEWART,

    Plaintiff,

vs.

                              CASE NO. 8:04-cv-40-T-17-MAP

HOOTERS OF AMERICA, INC.,

    Defendant.

_____/

## ORDER ON MOTION IN LIMINE TO EXCLUDE JAMES TESSMER AS EXPERT WITNESS AND INCORPORATED MEMORANDUM OF LAW

This matter is before the Court on Plaintiff's Motion In Limine to exclude James Tessmer as expert witness, filed on June 8, 2006 (Dkt. 111). The Defendant did not file a response to the motion. For the reasons below, this Court denies Plaintiff's Motion In Limine.

BACKGROUND AND PROCEDURAL HISTORY

Lynn D. Stewart is alleged to be the founder of Hooters restaurant. In 1995, he sold his stock to the Defendant, and as part of the compensation package, entered into an Administrative Service Agreement (ASA), which obligated the Defendant to periodically pay Stewart if the Defendant met certain gross sales objectives. Stewart claims the Defendant repeatedly shortchanged him and has sued for breach of contract; he also seeks an accounting to determine what is actually owed to him. Plaintiff now moves for a Motion In Limine to exclude James Tessmer as its expert witness, stating that Mr. Tessmer is not a retained expert witness, but will be offering expert testimony. Plaintiff argues that HOA failed to make a timely disclosure of James Tessmer as an expert witness, pursuant to Rule 26 of the Federal Rules of Civil Procedure (Rule 26).

DISCUSSION

This matter raises issues pertaining to: (1) whether the disclosure of James Tessmer as expert witness was timely; and (2) whether a Motion In Limine ordering exclusion of expert testimony by James Tessmer is appropriate.

*Timely Disclosure of Expert Witness*

Determining whether HOA timely disclosed James Tessmer as an expert witness, pursuant to Rule 26(2) is not necessary at this time. The trial calendar has been rescheduled since the time Plaintiff filed this motion. Almost a year of intervening time was allotted for the parties to resolve this issue. However, if the resolution on this issue is not resolved before the eve of trial, Plaintiff may reassert the motion at or near the time of trial. For the stated reasons above, this Court denies Plaintiffs Motion In Limine.

Accordingly, it is:

**ORDERED** that the Motion In Limine be **Denied** without prejudice to reassert at an appropriate time at or near the time of trial.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of June, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record