## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LYNN STEWART,

    Plaintiff,

vs.

                                  CASE NO. 8:04-cv-40-T-17-MAP

HOOTERS OF AMERICA, INC.,

    Defendant.

_____/

### ORDER ON MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBITS NUMBERED 9 THROUGH 16 OF SCHEDULE B OF CONSOLIDATED PRETRIAL STATEMENT

This matter is before the Court on Plaintiff's Motion In Limine to exclude Defendant's exhibits numbered 9 through 16 of schedule B of Consolidated Pretrial Statement, filed on June 8, 2006 (Dkt. 113). For the reasons below, this Court denies Plaintiff's Motion In Limine.

BACKGROUND AND PROCEDURAL HISTORY

Lynn D. Stewart is alleged to be the founder of Hooters restaurant. In 1995, he sold his stock to the Defendant, and as part of the compensation package, entered into an Administrative Service Agreement (ASA), which obligated the Defendant to periodically pay Stewart if the Defendant met certain gross sales objectives. Stewart claims the Defendant repeatedly shortchanged him and has sued for breach of contract; he also seeks an accounting to determine what is actually owed to him. Plaintiff now moves for a Motion In Limine to exclude Defendant's exhibits numbered 9 through 16 of Schedule B of Consolidated Pretrial Statement. Plaintiff asserts that Defendant's failure to timely disclose Exhibits 9 through 16 in response to Requests 1, 2, and 3 prejudiced the Plaintiff.

1

Plaintiff also claims that the Exhibits are wholly irrelevant, because they relate to agreements between HOA and entities that are not part of this litigation.

### STANDARD OF REVIEW

A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Schuler v. Mid-Central Cardiology, 313 Ill. App. 3d 326 (4th Dist. 2000). The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.  Luce v. United States, 469 U.S. 38, 41(1984),  (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, *if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context*. Id. at 1401. (emphasis) Denial of a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial. *Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context.* United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989). (emphasis) The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion In Limine.  Id.  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400-1401 (N.D.Ill.1993).

### DISCUSSION

This matter raises issues pertaining to: (1) whether the failure to timely disclose Exhibits 9 through 16 by Defendant is prejudicial to the Plaintiff; and  (2) whether Defendant's exhibits 9 through 16 is irrelevant to this case.

*Timely Disclosure of Expert Witness*

It is no longer necessary to determine whether HOA timely disclosed Exhibits 9 through 16 at Plaintiff's request, pursuant to Rule 26. The trial calendar has been rescheduled since the time Plaintiff filed this motion.  Almost a year of intervening time was allotted for the parties to resolve this issue. HOA now has the opportunity to disclose the Exhibits at the required time to remedy any prejudice. HOA should note however that, a failure to disclose any documents required by Rule 26 is prejudicial to the Plaintiff, and would result in a violation of Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure. Failure to make a 26(a) disclosure without substantial justification is sanctionable, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. If this issue is not resolved before the eve of the newly scheduled trial, Plaintiff may reassert the motion at or near the time of trial.

*Relevancy of Exhibits 9 through 16*

The cardinal rule of construction is to afford greater regard to the parties' intent, ascertain them, and give it effect. Georgia R.R. Bank & Trust, 758 F.2d at 1551 (11th Cir. 1985). The courts are also to afford greater regard to the clear intent of the parties than to any particular words". Smith v. Freeport Kaolin Co., 687 F.Supp. 1550, 1554 M.D.Ga.1988. Here, we remind Plaintiff of this Court's previous ruling denying Plaintiff's motion to exclude parol evidence. Just as previously ruled, determining whether ambiguity exists in the ASA is impractical at this time. It would also be impractical to determine whether exhibits 9 through 16 should be excluded outside the trial context. Here, although the express terms of the ASA seem conclusive and unambiguous as stated, both parties strongly differed in understanding their rights and obligations under it. Plaintiff even acknowledged that the variance was attributed to the broad terms of the ASA. Accordingly, evidence is not clearly inadmissible and evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Hawthorne Partners, 831 F.Supp. 1400 (N.D.Ill.1993). This denial means that the court cannot determine whether the evidence in question should be excluded outside of trial. United States v. Connelly, 874 F.2d 416 (1989). This Court will entertain objections on individual proffers as they arise at trial, even if the proffer falls within the scope of a denied motion. Id. This Court also reserves the right to alter this and any other limine ruling.

CONCLUSION

This Court concludes that a denial of Plaintiff's motion is proper. First, Plaintiff should no longer be prejudiced because of the extended time allotted before the new trial schedule. Second, it is impractical for this court to determine the relevancy of the Exhibits outside the trial context. Accordingly, it is:

5

**ORDERED** that the Motion In Limine (Dkt. 113) be **Denied** without prejudice to reassert at an appropriate time at or near the time of trial.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of June 2007.



_____

cc: All Parties and Counsel of Record