**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LYNN STEWART,

    Plaintiff,

vs.

                                            CASE NO. 8:04-cv-40-T-17-MAP

HOOTERS OF AMERICA, INC.,

    Defendant.

_____/

**ORDER ON MOTION IN LIMINE TO EXCLUDE NEIL KIEFER
AND UNIDENTIFIED WITNESS AS WITNESSES AT TRIAL AND
INCORPORATED MEMORANDUM OF LAW**

    This matter is before the Court on Plaintiff's Motion In Limine to exclude Neil Kiefer and Unidentified witness as witnesses at trial, filed on June 14, 2006 (Dkt. 116). For the reasons below, this Court denies Plaintiff's Motion In Limine.

BACKGROUND AND PROCEDURAL HISTORY

    Lynn D. Stewart (Plaintiff) is alleged to be the founder of Hooters restaurant. In 1995, he sold his stock to the Defendant, and as part of the compensation package, entered into an Administrative Service Agreement (ASA), which obligated the Defendant to periodically pay Stewart if the Defendant met certain gross sales objectives. Stewart claims the Defendant repeatedly shortchanged him and has sued for breach of contract; he also seeks an accounting to determine what is actually owed to him. Plaintiff now moves for a Motion In Limine to exclude Neil Kiefer and any unidentified witness as witnesses at trial. Plaintiff asserts that Defendant's failure to timely disclose Mr. Kiefer and other witnesses under Rule 26 of the Federal Rules of Civil Procedure is prejudicial (Rule 26) to the Plaintiff. Therefore, Plaintiff requests this Court to preclude HOA from calling Neil Keifer and other unidentified witness as witnesses.

## STANDARD OF REVIEW

A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Schuler v. Mid-Central Cardiology, 313 Ill. App. 3d 326 (4th Dist. 2000). The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Luce v. United States, 469 U.S. 38, 41(1984), (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. at 1401. Denial of a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989). The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion In Limine. Id. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400-1401 (N.D.Ill.1993).

## DISCUSSION

This matter raises issues pertaining to: (1) whether the failure to timely disclose Neil Kiefer and unnamed witnesses prejudiced the Plaintiff; and (2) whether granting Plaintiff's Motion In Limine is necessary to remedy prejudice if any.

*Timely Disclosure of Unnamed Witness*

The issue regarding the unnamed witness is moot. This Court presently understands that HOA no longer intends to use any unnamed witness as a witness at trial. This remedies any prejudice against Plaintiff regarding the unnamed witness. Rule 26 disclosure regarding this is no longer necessary.

*Timely Disclosure of Neil Kiefer*

Rule 26(a)(1) requires that a party, without awaiting a discovery request, disclose names of all persons having discoverable information, that the disclosing party may use to support its claims and defenses. Such disclosure must include name, address and telephone number of each witness, separately identifying those whom the party expects to present, and those whom the party may call if need arises. See Rule 26(a)(3), Federal Rules of Civil Procedure. Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. See Rule 26(a)(3)(C), Federal Rules of Civil Procedure. Short of a timely disclosure by either party is prejudicial to the other party because it constitutes an unfair surprise, and also frustrates trial preparation. This Court may sanction a party for violating Rule 26.

To preclude HOA from calling Neil Keifer is unnecessary at this time. The trial calendar has been rescheduled to a later date since the time Plaintiff filed this motion. Almost a year of intervening time was allotted for both parties to remedy this issue. HOA now has the opportunity to disclose names of any potential witnesses, including Neil Keifer, to remedy any prejudice against Plaintiff. HOA should note, however, that failure to timely disclose discoverable witnesses would prejudice the Plaintiff, and would result in a violation of Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure. Failure to make a Rule 26 disclosure, without substantial justification is subject to sanctions, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. If HOA fails to remedy any prejudice against Plaintiff before eve of the newly scheduled trial, Plaintiff may reassert the motion at or near the time of trial.

CONCLUSION

This Court rules that a denial of Plaintiff's motion is proper. HOA now has the opportunity to remedy any prejudice against Plaintiff. Accordingly, it is:

**ORDERED** that the Motion In Limine (Dkt. 116) be **Denied** without prejudice to reassert at an appropriate time at or near the time of trial.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of June 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record