UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN D. STEWART,

      Plaintiff,

v.                              **CASE NO. 8:04-CV-40-T-17MAP**

HOOTERS OF AMERICA, INC.,

      Defendant.

_____/

## MEMORANDUM OPINION

This civil action was tried before the Court, sitting without a jury, from July 9, 2007 to July 11, 2007. This Court, having heard testimony of the witnesses and argument of counsel, having reviewed the documentary evidence and exhibits, and having considered the parties' motions and memorandums of law, makes the following findings of fact and conclusions of law. For the reasons expressed in this Memorandum of Opinion, the Court finds in favor of the Plaintiff for the breach of contract action and in favor of the Defendant for the recoupment counterclaim. The findings of fact as set forth below are based on the evidence submitted at the trial.

## I.    FINDINGS OF FACT

Mr. Stewart, commencing this action by filing the original Complaint on January 9, 2004, is the originator and founder of the Hooters restaurant. In June of 1995, Mr. Stewart sold his 51% interest to Hooters of America, Inc. ("HOA"), a Georgia corporation with its principal place of business in Atlanta, Georgia. In June of 1995, Mr. Stewart and HOA entered in to an Administrative Services Agreement ("ASA") with a term of five years. At HOA's request, Mr.

Stewart agreed with HOA to defer the ASA's contractually stated effective date of June 1, 1995,

for a period of six months, until December 1, 1995. Thus, the Agreement's five year term was to

expire on November 30, 2000. In July 1995, Stewart assigned all his rights under the ASA to

L.D. Stewart Enterprises, Inc., a transaction HOA recognized.

Although the ASA was termed a "services" agreement, HOA never treated Mr. Stewart as

an employee during the term of the ASA, and Mr. Stewart never received a paycheck from HOA.

However, under the ASA, HOA owed to Mr. Stewart monthly monies, not at issue here, and

annual monies above a minimum contractually stated amount that are at issue here. Contested

portions of the ASA under paragraph four read as follows (Docket No 1 at 7-8):

> 4.1 Development Compensation. The Company agrees to pay to Stewart an
> amount equal to (a) .7335% of the first Three Hundred Million ($300,000,000.00)
> Dollars of the annual Gross Sales of the Company, as herein defined, and (b) one
> (1%) percent of the annual Gross Sales of the Company in excess of Three
> Hundred Million ($300,000,000.00) Dollars of the annual Gross Sales of the
> Company, as reflected by the books and records of the Company, during the Term
> of this Agreement, which books and records shall be conclusively binding upon
> Stewart and the Company.
>
> 4.4 Gross Sales, for purposes of this Paragraph and Agreement, shall include the
> entire actual sales price, whether for cash or otherwise, of all sales of merchandise
> or services, exclusive of sales of assets or other extraordinary events; sales, excise
> or similar taxes collected from customers of the Company for transmittal to taxing
> or other authorities; receipts from the sale of meals to employees of the Company;
> service charges made, collected and turned over to the employees in lieu of such
> employees receiving tips or gratuities from patrons; the value of charitable sales
> and promotional donations; trade outs; the amount of any case or credit refund
> made to a customer with respect to a sale of merchandise or services by the
> Company if such sale is or has been included in the computation of gross sales;
> and sales are transfers of merchandise or services between related or affiliated
> entities of the Company. The Gross Sales, for purposes of this Paragraph, shall
> include the Gross Sales of the Company, its affiliated and related entities,
> subsidiaries and franchises on a worldwide basis.

## II.    CONCLUSIONS OF LAW

This action consists of Plaintiff, Mr. Stewart's, claims against Defendant HOA for breach of the ASA between them and for an accounting of the monies due to Mr. Stewart from HOA under the ASA. The Defendant claims that the Plaintiff has no capacity to bring this action, the claims are time barred under Georgia's applicable statute of limitations, and recoupment is owed to HOA for overpayments. The jurisdiction of this Court is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The parties stipulate that Georgia law governs the Plaintiff's breach of contract claim. Both parties also stipulated to bifurcating the trial, requesting that a Special Master be appointed to determine damages if this Court determines damages are due. The above findings of fact are specific to the legal issues in the case, and findings of fact specific to the calculation of damages are reserved for the Special Master. The below conclusions of law address first the parties' post-trial motions and second the parties' claims, counterclaims, and defenses.

### A. CONCLUSIONS OF LAW ON PARTIES' POST-TRIAL MOTIONS

#### i. Defendant's Renewed Motion to Amend Answer

This matter is before this Court pursuant to Defendant, HOA's, motion to amend answer filed August 31, 2007 (Docket No. 202) and Plaintiff, Lynn D. Stewart's, response filed September 27, 2007 (Docket No. 213). The Defendant files this motion under the Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by

> written consent of the adverse party; and leave shall be freely given when justice
> so requires. A party shall plead in response to an amended pleading within the
> time remaining for response to the original pleading or within 10 days after
> service of the amended pleading, whichever period may be the longer, unless the
> court otherwise orders.

Fed. R. Civ. P. 15(a) Both the Defendant (Docket No. 202 at 1) and the Plaintiff (Docket No. 213

at 11) simply reassert arguments previously made on this issue (Docket Nos. 93 and 107).

### 1.  Background on Motion to Amend Answer

On January 9, 2004, the Plaintiff filed a two-count complaint against the Defendant for

breach of contract and demand of an accounting (Docket No. 1). On February 3, 2004, the

Defendant filed its answer and defenses (Docket No. 4). Subsequently, Defendant has submitted

six motions to amend the answer. On January 28, 2005, the Defendant filed a motion to amend

the answer regarding the issue of recoupment (Docket No. 20), which on January 28, 2005, this

Court denied due to the Defendant's failure to comply with Local Rule 3.01 (Docket No. 23). On

February 7, 2005, the Defendant again filed a motion to amend the answer regarding the issue of

recoupment (Docket No. 24), which on February 8, 2005, this Court granted (Docket No. 26). On

May 25, 2005, the Defendant filed a motion to amend the answer regarding the affirmative

defenses of unclean hands and statute of limitations (Docket No. 37), which this Court granted

on July 1, 2005 (Docket No. 42). On August 30, 2005, the Defendant filed a motion to amend the

answer on the issue of capacity (Docket No. 53), which this Court on August 31, 2005 granted

(Docket No. 55).

Shortly thereafter, this Court on October 21, 2005, also granted the final case schedule

amendment (Docket No. 69), setting a deadline of February 15, 2006, for filing of all dispositive

motions. On May 23, 2006, over three months after the deadline to file dispositive motions, the

Defendant filed a motion to amend paragraph 10 of the answer to change the word "Admitted" to the word "Denied" (Docket No. 93). This Court on July 12, 2006, denied the motion to amend the answer due to Defendant's failure to cure the deficiency by amendments previously allowed and due to the resulting prejudice and undue delay (Docket No. 122). The Defendant also orally submitted a renewed motion to amend the answer regarding paragraph 10, which this Court denied on July 9, 2007 (Docket No. 184). Finally, on August 31, 2007, the Defendant filed the subject renewed motion to amend (Docket No. 202).

Two issues are before this Court regarding the Defendant's motion to amend the answer: (1) whether the Defendant satisfies the Federal Rule of Civil Procedure 16(b) good cause analysis and (2) whether the Defendant satisfies the Federal Rule of Civil Procedure 15(a) analysis. For the following reasons, this Court denies the Defendant's motion to amend.

## 2. Federal Rule of Civil Procedure 16(b) Analysis

Analysis under the Federal Rule of Civil Procedure 16(b) is necessary because this Court's final case scheduling order (Docket No. 69) required submission of all dispositive motions by February 15, 2006, and the Defendant submitted the motion to amend the answer regarding paragraph 10 (Docket No. 93) after the deadline. The Defendant must first show good cause to amend the case scheduling order deadlines under the Federal Rule of Civil Procedure 16(b) before arguing to amend the pleadings under the Federal Rule of Civil Procedure 15(a). *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 2007).

Federal Rule of Civil Procedure 16(b) provides: "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). In *Sosa* the movant filed a motion for leave to amend the pleadings after the case scheduling order

deadline had passed. The Eleventh Circuit found that it was proper to deny the motion under the Federal Rule of Civil Procedure 16(b) good cause analysis, noting that the movant failed to argue good cause and failed to pursue the case with diligence. *Sosa*, 133 F.3d at 1419. This Court considers three factors when deciding diligence: (1) if the moving party neglected to determine facts before filing pleadings or within discovery, (2) if the subject matter of the motion to amend was readily available to the moving party, and (3) if the moving party delayed filing the motion to amend. *Home Services v. David Weekley Homes, LLC.*, No. 2:06-cv-350-FtM-29DNF, 2007 U.S. Dist. LEXIS 59187 at 6 (M.D. Fla. Aug. 13, 2007) (citing *Sosa*, 133 F.3d at 1418).

Here, like the movant in *Sosa*, the Defendant has not offered any arguments regarding good cause in the motion to amend dated May 23, 2006 (Docket No. 93) or the renewed motion to amend dated August 21, 2007 (Docket No. 202). Nonetheless, following the above factors, the Defendant neglected to determine facts, and the information in paragraph 10 of the Defendant's answer was readily available to the Defendant from the time of filing the initial answer in February 2004 (Docket No. 4) to the time of filing the initial motion to amend in May 2006 (Docket No. 93). This amounts to a failure to pursue the case with diligence and, therefore, good cause to amend is not present.

### 3. Federal Rule of Civil Procedure 15(a) Analysis

Assuming *arguendo* the Defendant could survive a good cause analysis under the Federal Rule of Civil Procedure 16(b), a Federal Rule of Civil Procedure 15(a) analysis is required. This Court reiterates the discussion from the Order on motion to amend answer (Docket No. 122) issued on July 12, 2006. Leave to amend is freely given only "in the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment..." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Forbus v. Sears Roebuck & Co.*, 30 F. 3d 1402, 1405 (11th Cir. 1994). "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996)). Here, discovery had been completed and all dispositive motions had been filed, briefed, and decided. Therefore, prejudice and undue delay would result to the Plaintiff if the Defendant is allowed to amend its answer as requested. In addition, the Defendant has repeatedly failed to cure the deficiency by amendments previously allowed.

### ii. Defendant's Motion to Amend Pleadings to Conform to the Evidence

This matter is before this Court pursuant to Defendant, HOA's, motion to amend the pleadings to conform to the evidence regarding the amendment to the ASA (Docket No. 202), filed August 31, 2007; and Plaintiff, Lynn D. Stewart's, Response thereto (Docket No. 213), filed September 27, 2007.

The Defendant files this motion under the Federal Rule of Civil Procedure 15(b), which provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b). The Defendant argues that the Plaintiff failed to introduce into evidence at trial the admitted fact in paragraph 10 of the answer (Docket No. 4), then failed to object to the introduction of substantial evidence regarding the ASA amendment. The Defendant further

argues that this constitutes implied consent under Federal Rule of Civil Procedure 15(b) (Docket No. 202 at 2).

The Plaintiff responds with several arguments: Plaintiff did not impliedly consent to the issue (Docket No. 213 at 3), the motion is factually insufficient to support an amendment (Docket No. 213 at 5), proffered exhibits from trial do not constitute evidence as the Defendant argues (Docket No. 213 at 7), granting the motion would prejudice the Plaintiff (Docket No. 213 at 8), and, in the alternative, the manifest injustice test from the Federal Rule of Civil Procedure 16(e) is not satisfied (Docket No. 213 at 10).

Five issues are before this court regarding the Defendant's motion to amend the pleadings to conform to the evidence: (1) whether the argued evidence is a new issue, (2) whether the Plaintiff expressly consented to the new issue, (3) whether the Plaintiff impliedly consented to the new issue, (4) whether prejudice results, and (5) whether the manifest injustice analysis under the Federal Rule of Civil Procedure 16(e) requires an amendment of the pretrial order. For the following reasons, this Court denies the Defendant's motion to amend the pleadings to conform to the evidence.

Although the Federal Rule of Civil Procedure 15(b) provides that new issues raised at trial may be amended into the pleadings with express or implied consent of the opposing party, "the introduction of evidence relevant to an issue already in the case may not be used to show consent to trial of a new issue absent a clear indication that the party who introduced the evidence was attempting to raise a new issue." *International Harvester Credit Corporation v. East Coast Truck*, 547 F.2d 888, 890 (5th Cir. 1977) (citing *Bettes v. Stonewall Insurance Co.*, 480 F.2d 92 (5th Cir. 1973)); (citing *Wirtz v. Savannah Bank & Trust Co.*, 362 F.2d 857 (5th Cir.

1966)).[1] In *Wirtz*, after trial the defendant moved to amend the pleadings to conform to the evidence regarding a purportedly mistakenly admitted allegation in the answer. 362 F.2d at 861. The Fifth Circuit denied the motion, finding "[t]his motion on appeal in the guise of a Rule 15(b) amendment seeks ... to nullify an earlier admission." *Id* at 862. Here, the subject of the Defendant's motion to amend the pleadings to conform with the evidence, paragraph 10 of the answer, was neither presented as a new issue nor is it a new issue. This Court finds that the Defendant's motion to amend the pleadings to conform to the evidence is a guise to nullify the purportedly mistakenly admitted allegation in paragraph 10 of the answer.

Further, there is no evidence that the Plaintiff expressly or impliedly consented. As the Plaintiff correctly argues, no express consent occurred. *See Transcript July 11, 2007 at p. 81, lines 4-7* (Plaintiff stating: "We did not agree to try the issue of whether or not there was such a deferral because it was an admitted fact per this Court's order").

To satisfy the burden to prove implied consent, the Defendant principally argues that the Plaintiff failed to introduce at trial the admitted facts contained in the pretrial order (Docket No. 202 at 2); however, the Defendant offers no legal foundation for this argument. The Eleventh Circuit noted in *Randolph Co. v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir. 1986), that the "pretrial order controls the subsequent action of the litigation." *Id.* Thus, "a party need offer no proof at trial as to matters agreed to in the [pretrial] order." *United States v. First Nat'l Bank*, 652 F.2d 882, 886 (9th Cir. 1981). Because the oral amendment to the ASA is a jointly stipulated fact contained in the pretrial order (Docket No. 156 at 6-7), the Plaintiff was under no obligation

---

[1] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

to introduce the stipulation at trial. The Defendant's secondary argument regarding implied consent is that the Plaintiff failed to object to substantial evidence at trial regarding the ASA amendment. Again, because the oral amendment to the ASA existed as a jointly stipulated issue, and there was no clear indication that the Defendant was raising a new issue, failure to object cannot be construed as implied consent. *See East Coast Truck*, 547 F.2d at 889.

Finally, a motion to amend the pleadings to conform to the evidence will fail when resulting prejudice exists against the non-moving party. *Jimenez v. Tuna Vessel Grananda*, 652 F.2d 415, 421 (5th Cir. 1981). The Plaintiff properly argues incurable prejudice would result in the form of inability to depose and call witnesses on the matter, and inability to conduct discovery on the matter (Docket No. 213 at 9-10).

This Court finds it unnecessary to reach a conclusion on the Plaintiff's argument in the alternative regarding the Federal Rule of Civil Procedure 16(e) (Docket No. 213 at 10) because the Defendant has not filed a motion to amend the pretrial order. However, this Court does note that this Circuit requires proper preservation of issues in pretrial orders, and by jointly stipulating to the oral amendment to the ASA the Defendant did not properly preserve for amendment. *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997).

### iii. Defendant's Motion for Involuntary Dismissal

This matter is before this Court pursuant to Defendant, HOA's, motion for involuntary dismissal as to the extension period of the ASA (Docket No. 203), filed August 31, 2007; and Plaintiff, Lynn D. Stewart's, response thereto (Docket No. 214), filed September 27, 2007.

The Defendant fails to state procedural authority for this motion and, further, relies upon the same arguments offered under the Defendant's motion to amend the pleadings to conform to

10

the evidence, stating that the Plaintiff failed to present evidence on the facts admitted in the pleadings (Docket No. 203 at 1) and that the pretrial stipulations are facts outside the trial record (Docket no. 203 at 2).

In response, the Plaintiff principally argues that pretrial stipulations are an inherent part of the trial proceedings (Docket No. 214 at 3), that the stipulations need not be proven at trial (Docket No. 214 at 3), and that the Defendant's answer to paragraph 10 amounts to a judicial admission (Docket No. 214 at 3).

In this, the Defendant's third post-trial motion regarding paragraph 10 of the answer (Docket No. 4), one issue is before this court: whether the Plaintiff must prove jointly stipulated facts at trial. As discussed above, the "pretrial order controls the subsequent action of the litigation." *Randolph,* 784 F.2d at 1072. Because the parties' stipulated to paragraph 10 in the pretrial documents, this Court finds that the parties did not have to prove the stipulated fact. Therefore, this Court denies the Defendant's motion for involuntary dismissal.

### iv.   Plaintiff's Motion to Strike

This matter is before the Court pursuant to Plaintiff, Mr. Stewart's, motion to strike certain portions of deposition testimony of Michael J. Maricle from trial both stated orally at trial and filed as a written motion on August 31, 2007 (Docket No. 199); and Defendant, HOA's, response thereto (Docket No. 210), filed September 27, 2007.

The Plaintiff files this motion under the Federal Rule of Evidence 611(c) which provides:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

11

Fed. R. Ev. 611(c). The Plaintiff argues that Maricle's deposition had not previously been filed as required by this Court (Docket No. 199 at 4), that the Defendant did not declare Maricle as an adverse witness before the proceedings (Docket No. 199 at 4), that Maricle is not an adverse witness because he is not a party (Docket No. 199 at 5), and that Maricle is not identified with an adverse witness because the business relationship between Mr. Stewart and Mr. Maricle ended several years before the deposition (Docket No. 199 at 5).

In response, Defendant argues that Mr. Maricle was a witness identified with the adverse party, further argues that Defendant was not required to declare Mr. Maricle as a hostile witness, and correctly argues that the deposition was previously filed on August 24, 2005 (Docket No. 210 at 1).

Four issues are before this Court regarding the Plaintiff's motion to strike: (1) whether the identified questions are leading, (2) whether one of the excepted witness groups listed in the Federal Rule of Evidence 611(c) is applicable, (3) whether the Defendant was required to identify the witness as hostile or adverse, and (4) whether the Defendant identified the witness as hostile or adverse. For the following reasons, this Court denies the Plaintiff's motion to strike.

The Plaintiff correctly argues that a leading question is a "question that suggests the answer to the person being interrogated; esp., a question that may be answered by a mere 'yes' or 'no.'" *Black's Law Dictionary* (8th ed. 2004). Of the nine excerpts the Plaintiff identifies in the motion to strike (Docket No. 199 Exhibit A), all fall under the definition of a leading question. Plaintiff further argues, however, that Mr. Maricle does not fall within one of the excepted categories of witnesses in the Federal Rule of Evidence 611(c) (Docket No. 199 at 5). The

Eleventh Circuit in *Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1478 (11th Cir. 1984), clarified that an agent, friend, relative, or an employee certainly qualifies as "identified with the adverse party." *Id.* So here, Mr. Maricle qualifies as "a witness identified with an adverse party." Fed. R. Ev. 611(c). As the Defendant correctly argues, Mr. Maricle's involvement as agent-accountant with the subject ASA lasted from the 1970's until 2002 (Docket No. 52). Although this relationship ended approximately five years ago in 2002, this Court finds that the twenty-plus years of sustained agency relationship qualifies Mr. Maricle as a witness identified with the Plaintiff.

The 1987 Notes of Advisory Committee on Proposed Rule 611, Subdivision (c) recognize that "[t]he final sentence [of 611(c)] deals with categories of witnesses *automatically* regarded and treated as hostile" (emphasis added). Because the witness identified with an adverse party is automatic, the Defendant was under no obligation to declare Mr. Maricle hostile. The fourth issue presented is, therefore, moot.

### v.    Plaintiff's Motion for Entry of Judgment on Partial Findings

This matter is before the Court pursuant to Plaintiff, Mr. Stewart's, motion for entry of judgment on partial findings regarding the defendant's affirmative defense and counterclaim for recoupment (Docket No. 200), filed August 31, 2007; and Defendant, HOA's, response thereto (Docket No. 212), filed September 27, 2007.

The Plaintiff files this motion under the Federal Rule of Civil Procedure 52(c), which provides:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot

under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

Fed. R. Civ. P. 52(c). The Plaintiff argues that Georgia's voluntary payment doctrine bars the Defendant's counterclaim for recoupment (Docket No. 200). In response, the Defendant argues that Georgia's voluntary payment doctrine is an affirmative defense the Plaintiff failed to previously raise and, therefore, waived (Docket No. 212). Three issues are before this Court regarding the Plaintiff's motion for entry of judgment on partial findings: (1) whether the voluntary payment doctrine is an affirmative defense, (2) whether Plaintiff's voluntary payment doctrine motion is timely, and (3) whether the voluntary payment doctrine bars a recoupment counterclaim. For the following reasons, this Court denies the Plaintiff's motion for entry of judgment on partial findings.

This Court accepts the parties' stipulation that Georgia is the applicable state law regarding contractual issues. Under Georgia statute, the voluntary payment doctrine provides:

Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

O.C.G.A. § 13-1-13. The Defendant offers this Court's decision in *Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Mortgage Corp.*, No. 5:05-cv-260-Oc-GRJ, 2007 U.S. Dist. LEXIS 27061 (M.D. Fla. Apr. 12, 2007) to support the contention that the voluntary payment doctrine is an affirmative defense; however, the Defendant also brings this counterclaim under Georgia law.

14

Under Georgia law, as the Plaintiff correctly argues, "[t]he party seeking to recover payments made bears the burden of showing that the voluntary payment doctrine does not apply." *Montgomery County v. Sharpe*, 582 S.E.2d 545, 547 (Ga. App. 2003) (citing *Telescripps Cable Co. v. Welsh*, 542 S.E.2d 640, 642 (Ga. App. 2000)). Because here the Defendant has entered a counterclaim of recoupment, it is the Defendant who bears the burden of the voluntary payment doctrine. Therefore, the Plaintiff was under no obligation to timely assert the voluntary payment doctrine; rather, the burden to rebut the doctrine lies with the Defendant.

The voluntary payment doctrine under Georgia law provides that "money voluntarily paid may not ordinarily be recovered." *Wallis v. B&A Construction Co., Inc.*, 614 S.E.2d 193, 198 (Ga. App. 2005). Georgia law also provides that a mistake of law acts as an exception to the voluntary payment doctrine. *Id*. Mistake of law occurs "under a mistake of what the law was as applicable to [the] state of facts." *Emond v. State Farm Mut. Auto. Ins. Co.*, 333 S.E.2d 656, 658 (Ga. App. 1985) (finding a mistake of law when the party misinterpreted the no-fault law). Here, the very essence of this dispute is the interpretation of the ASA terms such as "gross sales," "subsidiary," and "related entity." Therefore the Defendant's interpretation or misinterpretation is a mistake of law and an exception to the voluntary payment doctrine.

This Court now turns to the Defendant's recoupment arguments. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages." *Wallis*, 614 S.E.2d at 198. The payments are recoverable only due to payments by fraud, accident, or mistake. *Id*; *see also* O.C.G.A § 13-7-12. The above analysis regarding the Defendant's mistake so applies here and, therefore, the Defendant is entitled to recoupment of payments. However, the

15

Defendant's recoupment is limited to terms herein concluded, as it is a deduction directly relational to the Plaintiff's damages. *Wallis*, 614 S.E.2d. at 198.

## B. CONCLUSIONS OF LAW ON PARTIES' ORIGINAL CLAIMS, COUNTERCLAIMS, AND DEFENSES

During the course of the trial, this Court reserved ruling on issues of evidence presented by the parties in the form of proffers. This Court notes fifteen such proffers in the trial transcript (July 9, 2007 at 85, 160, 170, 173, and 276; July 10, 2007 at 18, 53, 75, 92, 107, 186, 208, and 213; and July 11, 2007 at 6 and 42). These proffers have been considered and are referenced as applicable within the below conclusions of law regarding the parties' claims, counterclaims, and defenses, with one exception: this Court has thoroughly discussed and rejected consideration of the issue of the deferred effective date for the ASA and, therefore, the Defendant's proffer regarding the deferred effective date of the ASA (Docket No. 205 at 5) is not utilized.

### i. Breach of Contract Analysis

This matter is before this Court pursuant to Plaintiff, Mr. Stewart's, breach of contract claim. The Plaintiff argues that breach occurred as to non-payment of the six month extension, miscalculations of gross sales from subsidiaries and related entities, and erroneous credit card deductions. The Defendant in response reasserts previous arguments about the oral six month extension that is an admitted fact, and contends the Plaintiff failed to meet the burden to prove breach.

To satisfy the burden of proof, first the Plaintiff Mr. Stewart offered testimony of non-payment of the six month extension. Plaintiff next points to the definition of "gross sales" in the ASA, which includes the "Company, its affiliated and related entities, subsidiaries and franchises

16

on a worldwide basis." The trial record indicates by a preponderance that the following entities

qualify as subsidiaries but were excluded from payment calculations under the ASA: Super

Sports Merchandising, Hooters Racing, Hooters Magazine, National Golf Association, Hooters

Sports Production, and Sports News. However, the trial record does not indicate, and the Plaintiff

offers scant legal support, that the Plaintiff proved by a preponderance of evidence that Eastern

Foods, Lageshulte Enterprises, Inc., or Hooters, Inc. qualify as entities contemplated by the ASA.

*See Sears, Roebuck and Co. v. Commercial Union Ins. Corp.*, 982 S.W.2d 151, 155 (Tex. App.

1998) (finding testimony regarding business entities was not parol evidence because "does not

speak to the intentions of the parties in the agreement, but rather to the nature of the

relationship"). Finally, the Defendant seemingly concedes that the deduction of credit card fees

was improper (Docket 204 at 13) and the language of the ASA does not list such an exclusion. A

breach of the contract, therefore, exists.

### ii.   Unclean Hands

This Court granted the Plaintiff's motion in limine to exclude testimony regarding the

Plaintiff's previous criminal proceeding, because the two elements required to apply the unclean

hands doctrine could not be established under these set of facts (Docket No. 167). The Defendant

subsequently abandoned the unclean hands defense and so this Court does not consider the

defense here.

### iii.   Statute of Limitations

This matter is before the Court pursuant to Defendant, HOA's, statute of limitations

defense. Four issues are before this Court regarding the statute of limitations defense: (1) whether

Georgia's statute of limitations applies, (2) the term of the statute of limitations, (3) whether the

contract is entire or divisible, and (4) whether any tolling occurred. For the following reasons, this Court finds that the statute of limitations defense does not wholly apply.

Magistrate Judge Pizzo correctly framed the threshold issue whether Georgia's statute of limitations applies (Docket No. 77). Not only do the parties stipulate that Georgia law is applicable to contractual issues, the ASA contains a choice-of-law provision selecting Georgia law. A federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which is sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Florida rules, statutes of limitations are considered substantive in nature. *Fulton County Admin. v. Sullivan*, 753 So. 2d 549, 553 (Fla. 1999). Because Florida enforces choice-of-law provisions, the Georgia statute of limitations is applicable. *See Cambridge MutualFire Ins. Co. v. City of Claxton*, 720 F.2d 1230 (11th Cir. 1983) (applying state statute of limitations and state tolling rules in diversity action); *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp. 2d 1362, 1366-67 (S.D. Fla. 2002) (applying New York statute of limitations where parties' partnership note contained a choice-of-law provision selecting New York law).

Georgia courts apply the six year statute of limitations for written contracts whenever the "contract forming the basis of the action is in writing." *See Muscogee County Bd. of Education v. Boisvert*, 396 S.E.2d 303, 306 (Ga. App. 1990) (finding six year statute of limitations for written contracts applicable instead of two year statute of limitations for wage claims in breach of employment contract action). Here, both parties agree Georgia's six year statute of limitations for written contracts applies (Docket Nos. 201 at 34 and 204 at 9).

Under Georgia law, statue of limitations analysis is dependent upon the type of contract: entire or divisible. *Douglas & Lomason Co. v. Hall*, 441 S.E.2d 870, 872 (Ga. App. 1994). The

statue of limitations runs separately for each service and payment under divisible contracts. *Id.*
"In determining whether the contract is entire or [divisible,] the criterion is to be found in the
question whether the whole quantity, service, or thing – all as a whole – is of the essence of the
contract." *Burns v. Mitchell*, 191 S.E. 870, 870 (Ga. App. 1937). Key factors under Georgia law
in identifying a divisible contract include the presence of payments via installment, uncertain
payment amounts, or successive performances. *Carswell v. Oconee Regional Med. Ctr., Inc.*, 605
S.E.2d 879, 881 (Ga. App. 2004) (holding "the contractual consideration at issue is not a single
sum certain, but an indefinite total amount which was payable in installments"); *Piedmont Life
Ins. Co. v, Bell*, 119 S.E.2d 63, 72 (Ga. App. 1961) (finding a divisible contract when successive
performances existed). Here, the ASA is a divisible contract because it provided for annual
installment payments based on ever-differing calculations and varied performance services from
Mr. Stewart.

Under Georgia law, the statute of limitations is tolled when a defendant's fraud debars or
deters a plaintiff from discovering and bringing their action. *See* O.C.G.A § 9-3-96 ("If the
defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been
debarred or deterred from bringing an action, the period of limitation shall run only from the time
of the plaintiff's discovery of the fraud"); *Shipman v. Horizon Corp.*, 267 S.E. 2d 244, 246 (Ga.
1980) (finding a statute of limitations is tolled only until the fraud or deterrence is discovered or
should have been discovered). The Defendant here argues "[w]hen an accounting is requested
and denied (which occurred every single year), the statute of limitations began to run" (Docket
No. 204 at 11). The Defendant therein acknowledges deterring the Plaintiff from discovering and

bringing action. However simultaneously, the Plaintiff should have taken action to discover the breach after receiving accounting denials. Therefore, the issue of tolling is moot.

With a divisible contract, the statute of limitations runs separately as to each payment or performance when it becomes due. *Carswell*, 605 S.E.2d at 881. The stated beginning date in the ASA is June 1, 1995; however, as previously discussed herein, it is an admitted fact that a six month oral extension occurred. The ASA also requires payment within ninety days of the fiscal year, or in March. Therefore, applying Georgia's six year statute of limitations to this divisible contract, noting the Plaintiff filed the complaint on January 9, 2004 (Docket No. 1), the Plaintiff is barred from claiming breach before January 9, 1998.

### iv.   Capacity

This matter is before the Court pursuant to Defendant, HOA's, capacity defense. The Defendant argues that the Plaintiff does not own the claim advanced in this case because the Plaintiff had assigned his rights away. The Plaintiff in response argues that subsequent to the assignment Defendant references, Mr. Stewart completed an assignment of the ASA back to himself. The Defendant brings this action under the Federal Rule of Civil Procedure 9(a), which provides:

> It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fed. R. Civ. P. 9(a). As a preliminary matter under the capacity defense, this Court discusses the parties' proffers regarding the oral assignment. (Docket No. 205 at 1 and 201 at 18). The Defendant first argues that Mr. Patel's testimony regarding the oral assignment should be excluded under the Federal Rule of Evidence 602(b) due to Mr. Patel's lack of personal knowledge, under Federal Rules of Evidence 801 and 802 as hearsay, and due to lack of foundation and speculation. The Defendant next argues that proffered Exhibits A, B, AA, and BB are irrelevant under the Federal Rules of Evidence 401 and 1002 and, more importantly, were not listed on the Pretrial Order (Docket No. 156). The Defendant's arguments are well taken. The Defendant correctly argues that prejudice would result in the form of inability to depose and call witnesses on the matter of the tax returns, and inability to conduct discovery on the matter. Therefore, this Court recognizes the Defendant's objections and does not rely either upon Mr. Patel's testimony regarding the oral assignment or the noted proffered exhibits.

The ASA provides for assignment in paragraph 10: "Stewart reserves the right to transfer and assign this Agreement and any beneficial interest herein to a corporation or entity owned or controlled by Stewart." The parties agree that under the Federal Rule of Civil Procedure 17(b) the capacity issue is to be determined under Florida law. Under Florida law, assignments generally are not required to be in writing, unless contract or statute requires. *Mangum v. Susser*, 764 So.2d 653, 655 (Fla. 1st DCA 2000). Paragraph 11(a) of the ASA, however, requires amendments to be in writing. Although dated after commencement of this suit, a written assignment of the interests to the ASA back to Mr. Stewart has been presented to this Court. This Court further notes that in May of 1998, HOA accepted from Mr. Stewart a letter explaining a series of assignments, the

first of which occurred in November 1995 over two years prior. Under both legal and factual

analysis, the Plaintiff has capacity to sue.

## III.    Issues Presented to the Special Master

Having determined that the Plaintiff is entitled to damages for a breach of contract and

the Defendant is entitled to recoupment, the following issues are, therefore, submitted to the

Special Master: (1) Whether HOA failed to pay Mr. Stewart all the monies due in accordance

with the herein construed terms of the ASA, from January 9, 1998 through November 30, 2000.

If Mr. Stewart has not been paid all the monies due to him under the ASA, establish the

calculated amount of monies owed by HOA to Mr. Stewart. If Mr. Stewart has been paid more

than all the monies due to him under the ASA, establish HOA's recoupment or setoff calculated

amount. (2) Whether HOA excluded gross sales from the following entities from its calculation:

Hooters Racing, Hooters Magazine, National Golf Association, Super Sports Merchandising,

Hooters Sports Production and Sports News. If Mr. Stewart has not been paid all the monies due

to him under the definition of "Gross Sales," establish the calculated amount of monies owed by

HOA to Mr. Stewart. If Mr. Stewart has been paid more than all the monies due to him under the

definition of "gross sales," calculate HOA's recoupment or setoff amount. (3) Whether in making

payments to Mr. Stewart under the ASA, HOA deducted from HOA's calculation of "Gross

Sales" fees charged by credit card companies to HOA for purchased made via credit card to buy

HOA goods and services. If Mr. Stewart has not been paid all the monies due to him with regard

to credit card transactions, establish the amount of monies owed by HOA to Mr. Stewart. If Mr.

Stewart has been paid more than all the monies due to him with regard to the credit card

transactions, establish HOA's recoupment or setoff amount.

22

This Court takes special note that Mr. Stewart concedes that he is not seeking to be paid on gross sales between HOA and its subsidiaries or among HOA subsidiaries; and that HOA concedes that it is not seeking to recoup payments made under franchise fee calculations. Accordingly, it is

**ORDERED** that Defendant's Renewed Motion to Amend Answer (Docket No. 202) be **DENIED**; Defendant's Motion to Amend the Pleadings to Conform to the Evidence (Docket No. 202) be **DENIED**; Defendant's Motion for Involuntary Dismissal (Docket No. 203) be **DENIED**; Plaintiff's Motion to Strike (Docket No. 199) be **DENIED**; Plaintiff's Motion for Entry of Judgment on Partial Findings (Docket No. 200) be **DENIED**; any and all unresolved objections contained within the Defendant's and Plaintiff's briefs concerning proffers be **OVERRULED**; and the Clerk of Court be **DIRECTED** to enter judgment in favor of the Plaintiff on the breach of contract claim and the Defendant on the counterclaim of recoupment and that the damages issue be referred to a Special Master selected by the parties or if the parties cannot agree on a Special Master one designated by this Court.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 15th day of November, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.