UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN D. STEWART,

      Plaintiff,

v.                                         CASE NO. 8:04-CV-40-T-17MAP

HOOTERS OF AMERICA, INC.,

      Defendants.

_____/

**ORDER ON MOTION BY DEFENDANT, HOOTERS OF AMERICA, INC., FOR NEW
TRIAL, AMENDMENT OF JUDGMENT, OR TO RECONSIDER PURSUANT TO
RULE 59 OR RULE 54(B) AND MOTION BY PLAINTIFF, LYNN D. STEWART, FOR
NEW TRIAL, TO ALTER/AMEND THE JUDGMENT, OR RECONSIDERATION**

      This cause comes before the Court on Motion by Defendant, Hooters of America, Inc.

("HOA"), for New Trial, Amendment of Judgment, or to Reconsider Pursuant to Rule 59 or Rule

54(b) (Docket No. 219) as well as Motion by Plaintiff, Lynn D. Stewart ("Stewart"), for New

Trial, to Alter/Amend the Judgment, or Reconsideration (Docket No. 221). The parties filed the

above-stated motions after entry of this Court's Memorandum Opinion (Docket No. 217). After

careful consideration of the parties' respective motions, for the reasons set forth below, the

Defendant's motions (Docket No. 219) are hereby denied, the Plaintiff's motions (Docket No.

221) are hereby denied.

## I.    BACKGROUND

      A factual account of the contested portions of this matter is detailed in this Court's

Memorandum Opinion (Docket No. 217). Those facts are re-adopted and accepted as true for the

purpose of resolving these pending motions. Accordingly, only a brief synopsis of the dispute is

necessary here.

Plaintiff Stewart's original claims include breach of an Administrative Services Agreement ("ASA") and an accounting of the monies due to Stewart by Defendant HOA. The Defendant originally claimed that the Plaintiff lacks capacity to bring this action, the claims are time barred under Georgia's applicable statute of limitations, and recoupment is owed to HOA for overpayments. The jurisdiction of this Court is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The parties have stipulated that Georgia law governs the Plaintiff's breach of contract claim. Both parties also stipulated to bifurcating the trial, requesting that a Special Master be appointed to determine damages. Both parties now urge this Court to reconsider, grant a new trial, or to alter the Memorandum Order (Docket No. 217).

## II.    STANDARD OF REVIEW

The several opposed post-trial motions filed by both parties fall subject to Rules 52(b), 54(b), and 59 of the Federal Rules of Civil Procedure, which state in relevant part:

> On a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. Fed. R. Civ. P. 52(b)

> When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim — . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b)

> The court may, on motion, grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. . . . A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59

2

As the Plaintiff properly argues (Docket No. 225), "[a]s the United States Supreme Court has instructed, '[w]here the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Hanover Ins. Co. v. Dolly Trans. Freight, Inc.*, 2007 WL 170788, *2 (M.D. Fla. January 18, 2007) (citing *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)) (denying motion to amend because the Court did address all arguments and did not erroneously interpret evidence). Only "manifest error of law or mistake of fact" would constitute the substantial cause to grant a motion for new trial. *Id.*

A motion to reconsider carries a standard of review as explained in *Prudential Securities. Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla. 1996). A prior decision of this Court will not be amended without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Because reconsideration is an "extraordinary remedy" it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 37718, 2005 WL 1053691, *2 (M.D. Fla. Mar. 30, 2005). Furthermore, a motion for reconsideration cannot be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)). New arguments meet this high standard only when under special circumstances, such as the "new law" exception and the "federal policy" exception. *Prudential Securities*, 919 F.Supp. at 418. Thus, it is only when a law is revised, new evidence is available, or "the need to correct clear error or manifest injustice" arises that a motion for reconsideration will be granted. *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The Plaintiff attempts to further

3

define the third element as "appropriate, ..., when a court has patently misunderstood a party and

has made a decision outside the adversarial issues presented, or has made a mistake, not of

reasoning, but of apprehension." *Connecticut Indem. Co. v. Palivoda*, 2006 WL 372990, *1

(M.D. Fla. 2006); *Benge v. Deloy*, 2007 WL 3378243, *3 (D.Del. November 14, 2007) (granting

motion to alter or amend the judgment where court misapprehended party's argument).

Here, neither party argues revision of law nor discovery of new evidence. *Lamar Adver.*,

189 F.D.R. at 489. Rather both parties argue clear error or mistake of fact. *Id.*; *Hanover Ins.*,

2007 WL 170788 at *2.

## III.   ANALYSIS

Although both parties argue for reconsideration, amendment, or new trial, the issues on

which they argue differ significantly. In its motions, the Defendant first argues that no

assignment of the ASA occurred, and second that the deferred start date of the ASA did not

constitute a stipulation (Docket No. 219). To support the first argument, Defendant states that

the ASA required any assignment to be in writing and no such written or verbal assignment

appears in evidence or exhibit listings, the written assignments that appear in Docket No. 74

are not evidence, and prejudice results. Plaintiff responds that these arguments are

regurgitations and do not meet the standard of review necessary for such motions (Docket No.

225). To support the second argument, Defendant states that the pretrial order did not operate

as a stipulation (Docket No. 219). Plaintiff responds that the statements in the pretrial orders

constitutes judicial admissions (Docket No. 225).

In its motions, the Plaintiff argues that this Court misunderstood the mistake of law

defense, the Defendant mistakenly interpreted the ASA entity terms, and therefore the

judgment granting recoupment is clearly erroneous (Docket No. 221). The Defendant responds

that this argument is a regurgitation (Docket No. 226).  Procedurally, the Plaintiff also argues that their filing (Docket No. 221) was timely, to which Defendant offers no response.

After reviewing the documents and arguments submitted by the parties, this Court finds that no error was committed.  The Court will address each of the parties' arguments in turn; however, review of the preliminary issue of timeliness is necessary. The Plaintiff correctly notes, following *Nelson*, that the various time extensions available under Rule 6(a) are applicable to filings under Rule 59.  *Nelson v. Barden*, 145 Fed. Appx. 303, 307 (11th Cir. 2005). The Plaintiff's Friday November 30, 2007 filing (Docket No. 220) with subsequent termination and refilling on Monday December 3, 2007 (Docket No. 221) following Court notification comports with the necessary time requirement of the Federal Rules of Civil Procedure.

### A.     Assignment

Before full analysis on the Defendant's argument regarding assignment, this Court finds it important to reiterate the history behind the Defendant's request. This matter first arose with the third amended complaint (Docket No. 55), which added a capacity defense claimed by the Defendant. The Defendant then argued that the Plaintiff does not own the claim advanced in this case because the Plaintiff had assigned his rights away. The Plaintiff in response argued that that subsequent to the assignment, Plaintiff completed an assignment back to himself. The ASA provides for assignment in paragraph 10: "Stewart reserves the right to transfer and assign this Agreement and any beneficial interest herein to a corporation or entity owned or controlled by Stewart." The parties agree that under the Federal Rule of Civil Procedure 17(b) the capacity issue is to be determined under Florida law.

Under Florida law, assignments generally are not required to be in writing, unless contract or statute requires. *Magnum v. Susser*, 764 So.2d 653, 655 (Fla. 1st D.C.A. 2000).

5

Paragraph 11(e) of the ASA provides: "No amendment of this agreement shall be binding on any of the parties to this Agreement unless such amendment is in writing, and such amendment is executed by all of the parties to this agreement." The Defendant contends that an assignment is an amendment requiring written affirmation. The Plaintiff contends that an assignment is not an amendment and therefore an oral assignment is appropriate. Under both contract interpretation and the performance of the parties, the assignment was effective and the Plaintiff here retains capacity.

Neither party provides legal arguments citing case law supporting whether assignments here were intended to be covered under the requirement to execute amendments in writing. The Plaintiff does offer *Black's Law Dictionary* definition of an amendment, which is "[t]o change or modify for the better. To alter by modification, deletion, or addition," (5th ed. 1979 at p. 740), as well as an assignment, which is "[a] transfer or making over to another of the whole or any property, real or personal, in possession or in action, .... [t]he transfer by a party of all of its rights to some kind of property, usually intangible property such as rights in a lease, mortgage, agreement of sale or a partnership," *id.*, (Docket No. 225).

The parties' course of performance or at the very least acquiescence to the various assignments during the performance period of the ASA render the final oral assignment effective. Both parties agree that the Plaintiff performed a written assignment of his rights under the ASA in 1995. Both parties also agree that "a series of complicated assignments took place" thereafter (Docket No. 219 at 2). These assignments that occurred between 1995 and 1998 were summarized into writing in letter form, forwarded from the Plaintiff to the Defendant, but not until 1998. Further, as the Plaintiff relays, the parties' continued correspondence occurred through direct representatives of the Plaintiff (Docket No. 225). Finally, the form of written

6

executed amendment and assignments differed.  Because the oral assignment was effective prior

to the trial commencement and no prejudice results, this Court finds that the Plaintiff retains

capacity and no error occurred. *Infodek, Inc. v. Meredith-Webb Printing Co.*, 830 F. Supp. 614,

620 (N.D. Ga. 1993) (finding that although Rule 17(a) "does not address the issue of whether

one can maintain a suit brought before an assignment of the right sought to be enforced,"

because the assignment occurred before trial and no prejudice resulted, it was effective);

*Dubuque Stone Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718, 724 (8th Cir. 1966) (noting the

party claiming capacity defense had named the alleged offending party in the original claim

preventing prejudice).

### B.    Stipulation

Before full analysis on the Defendant's argument that the pretrial statements did not

constitute a stipulation, this Court finds it important to again reiterate the history behind the

Defendant's request, fundamentally, to amend the pleadings regarding an extension of time. On

May 23, 2006, after three times amending the answer and over three months after the deadline to

file dispositive motions, the Defendant filed a motion to amend paragraph 10 of the answer to

change the word "Admitted" to the word "Denied" (Docket No. 93). The complaint had stated:

> At HOA's request, Mr. Stewart agreed with HOA to defer the Agreement's stated
> effective date of June 1, 1995, for a period of six (6) months, until December 1, 1995.
> Thus, the Agreement's five (5) year term was to expire on November 30, 2000. Both Mr.
> Stewart and HOA acted in accordance with the deferred effective date.

(Docket No. 1). This Court on July 12, 2006, denied the motion to amend the answer due to

Defendant's failure to cure the deficiency by amendments previously allowed and due to the

resulting prejudice and undue delay (Docket No. 122).  Subsequently, the Defendant filed

various motions, both oral and written on the same subject, all of which this Court denied due to

prejudice and undue delay.  Most recently, the Defendant moved this Court post-trial to amend

7

the answer under Rules 15(a) and 16(b) (Docket No. 202).  This motion was itself a regurgitation

of previous arguments, (Docket No. 93), and this Court found that delay and prejudice resulted

and that good cause was lacking, thus denying the motion.  Also post-trial, Defendant moved this

Court to amend the pleadings to conform to the evidence (Docket No. 202).  Because this was

not a new issue, not expressly or impliedly consented, resulted in prejudice, and lacked manifest

injustice, this Court denied the motion.

The Defendant raises these same arguments again in the subject motion. The Defendant

urges this Court to accept that a joint pretrial statement and subsequent court order accepting that

statement do not constitute a stipulation, or an agreement of the parties.  However, the Defendant

concurred with section IX of the amended consolidated pretrial statement, entitled Statement of

Admitted Facts (Docket No. 156). Specifically, paragraph six of this section stated:

> At HOA's request, Mr. Stewart agreed with HOA to defer the Agreement's stated
> effective date of June 1, 1995, for a period of six (6) months, until December 1, 1995.
> Thus, the Agreement's five (5) year term was to expire on November 30, 2000. Both Mr.
> Stewart and HOA acted in accordance with the deferred effective date.

(Docket No. 156 at 6–7). The provision of the statement of admitted facts here comports with

Local Rule 3.06, requiring "a concise statement of those facts which are admitted and will

require no proof at trial."  Local Rule 3.06 also provides that the pretrial statement incorporates

and replaces all pleadings. Paragraph six of the pretrial statement here incorporated paragraph

ten of the complaint, which was admitted in the pleadings and thus remained admitted for

purposes of trial.

This Court has recognized the policy behind pretrial statements that "contain[]

stipulations on uncontested, peripheral, and background issues of fact and law . . . [which are] a

critical element in focusing and preparing a case for trial." *Royal Palace Hotel Assoc., v. Int'l

Resort Classics, Inc.*, 178 F.R.D. 595, 597 (M.D. Fla. 1998). This Court in *Arthur Rutenberg*

8

stated that "[p]arties are bound by their [pretrial stipulation] agreement . . . and may not introduce at trial issues excluded in the pretrial order." *Arthur Rutenberg Homes v. Maloney*, 891 F. Supp. 1560, 1562 (M.D. Fla. 1995) (citing *Randolph Co. v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir. 1986)). Here, the pretrial statement operates as a binding agreement or stipulation regarding admitted facts and no error occurred. Therefore, Defendant's motion to strike or delete references to their admission is denied.

### C.    Recoupment

Here, also, before full analysis on the Plaintiff's arguments on recoupment, this Court finds it important to reiterate the history behind the Plaintiff's request. The recoupment claim was first submitted with the second amended complaint (Docket Nos. 20, 24). An exception to a recoupment claim is voluntary payment, which is excepted itself by a mistake of law. *Wallis v. B&A Construction Co., Inc.*, 614 S.E.2d 193, 198 (Ga. App. 2005). The Plaintiff argued that Georgia's voluntary payment doctrine barred the Defendant's counterclaim for recoupment (Docket No. 200). In response, the Defendant argued that Georgia's voluntary payment doctrine is an affirmative defense the Plaintiff failed to previously raise and, therefore, waived (Docket No. 212). This Court found that because the voluntary payment doctrine was not an affirmative defense the Plaintiff's motion was timely, and the voluntary payment doctrine did not prevent the recoupment counterclaim here.

Under Georgia law, stipulated by the parties, the voluntary payment doctrine provides:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

9

O.C.G.A. § 13-1-13. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages." *Wallis,* 614 S.E.2d at 198. The payments are recoverable only due to payments by fraud, accident, or mistake of law. *Id; see also* O.C.G.A § 13-7-12.

Plaintiff now argues that by applying Georgia's mistake of law rule this Court "based its decision on an issue outside the scope of the adversarial issues" (Docket No. 221). Although the Defendant offers no counter, this Court notes that the pretrial statement, which binds the trial process, presented under section XI entitled Statement of Issues of Fact Which Remain to be Litigated, only stated "[w]hether HOA is entitled to a recoupment or setoff for monies erroneously calculated to be owing to Mr. Stewart" (Docket No. 156). *Arthur Rutenberg Homes v. Maloney,* 891 F. Supp. 1560, 1562 (M.D. Fla. 1995). This Court finds no basis in the Plaintiff's argument as the recoupment issue was properly presented for litigation.

The Plaintiff now argues that the Defendant claimed only that it "made a mistake including the gross sales" (Docket No. 221). However, under Georgia law, a mistake of law is intricately tied to the facts present at the time the decision is made to make payment. *Yeazel v. Burger King Corp.,* 526 S.E.2d 112, 119 (Ga. App. 1999) (stating, "[t]he key question therefore is not whether [the party] knew that its position would be vindicated in court, but whether it had all the facts at the time it made the payments. . . . that it made the payments by mistake because it was unaware of facts showing that [payments] were not required.").

The Plaintiff cites to *Chemin,* which involved contract language that although known to both parties rendered a clear choice between reimbursement or non-reimbursement of payments. *Chemin v. State Farm Mut. Auto. Ins. Co.,* 487 S.E.2d 638, 640 (Ga. App. 1997). Unlike the party in *Chemin* who was barred from claiming a mistaken interpretation because of the simplicity of the contract language, here, the ASA language included the vague terms "gross

sales," "subsidiary," and "related entity." As Defendant states and this Court noted in the memorandum opinion, the evidence by a preponderance indicates that the Defendant made payments unaware of the facts surrounding the ASA language of "gross sales," "subsidiary," and "related entity" (Docket Nos. 226, 217). Therefore, no error occurred and the recoupment counterclaim is valid.

Accordingly, it is **ORDERED** that Defendant's Motion for New Trial, Amendment of Judgment or to Reconsider (Docket No. 219) be **DENIED**; and Plaintiff's Opposed Motion for New Trial, to Alter/Amend the Judgment, and Alternative Motion for Reconsideration (Docket No. 221) be **DENIED**; and that the damages issue be referred to a Special Master selected by the parties or if the parties cannot agree on a Special Master one designated by this Court.

**DONE AND ORDERED** in chambers, in Tampa, Florida, this 6 day of October, 2008.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.